SO ORDERED: September 13, 2018.

**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GEORGE M. McKINNEY and | ) | Case No. 18-70417-BHL-13 |
| EUGENIA L. McKINNEY, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER**

This matter comes before the Court on the **Trustee Objection to Confirmation** filed on June 20, 2018 [Docket No. 21] and was fully briefed on August 29, 2018. The issue before the Court is whether 11 U.S.C. § 1325(b)(1)(A) requires payment of interest on general unsecured claims where the Chapter 13 plan commits less than all of the Debtors' projected disposable income to the plan. The Court, considering the foregoing pleadings and applicable law, now finds that it does not. For the reasons set forth herein, the Court **OVERRULES** the Trustee's Objection

1

to Confirmation.

## Discussion

The facts in this case are undisputed. The Debtors' disposable income, as determined by Form 22C filed in support of their petition, is $1,369.31 per month, or $82,158.60 over the 60-month mandatory term. The total unsecured debt on Schedule F is $15,265.88, and the total unsecured debt represented by timely filed proofs of claim is $17,116.96. The plan proposes to pay $850/month or $51,000 over the term of the plan. While the proposed payment is sufficient to pay the face value of all the scheduled and filed unsecured proofs of claim, it does not propose to pay interest on those claims.

The Trustee argues that section 1325(b)(1) requires the Debtors to either pay all of their projected disposable income into the plan or pay the present value of all unsecured claims, which includes the payment of interest. The Debtors read the Code to require only that unsecured claims be paid in full as of the effective date of the plan. Interestingly, the parties rely on the same statutory language to support their respective positions:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

Courts and treatises appear to be equally divided on this issue and there is no established precedent which binds this court in its interpretation of section 1325(b)(1). Courts which have found the statute to require payment of interest on general unsecured claims rely on statutory

construction and notions of equity. *See, In re Rhein*, 73 B.R. 285 (Bankr. E.D. Mich. 1987); *In re Parke,* 369 B.R. 205 (Bankr. M.D. Pa. 2007); *In re Hight-Goodspeed,* 486 B.R. 462 (Bankr. N.D. Ind. 2012); *In re Deluna,* 2012 WL 4679170 (Bankr. W.D. Tex.); *In re Braswell*, 2013 WL 3270752 (Bankr. D. Or.); *In re McKenzie,* 516 B.R. 661 (Bankr. M.D. Ga. 2014); *In re Sampson-Pack,* 2014 WL 1320371 (Bankr. D. Md); *In re Barnes*, 528 B.R. 501 (Bankr. S.D. Ga. 2015); *In re Cheatham,* 2017 WL 5614910 (Bankr.M.D. Fla.); *and see*, 3 *Norton Bankruptcy Law and Practice,* §75.10.

Other courts have considered the same language and rules of statutory construction to reach the opposite conclusion that the statute does not mandate interest on general unsecured claims. *See, In re Eaton,* 130 B.R. 74 (Bankr. S.D. Iowa 1991); *In re Ross,* 375 B.R. 437 (Bankr. N.D. Ill. 2007); *In re Stewart-Harrel,* 443 B.R. 219 (Bankr. N.D. Ga. 2011); *In re Richall,* 470 B.R. 245 (Bankr. D.N.H. 2012); *In re Coay,* 2012 WL 2319100 (Bankr.D.C. Ill.); *In re Edward,* 560 B.R. 797 (Bankr. W.D.Wa. 2016); *In re Gillen*, 568 B.R. 74 (Bankr. C.D.Ill. 2017)*; In re Eubanks*, 581 B.R. 583 (Bankr.S.D.Ill. 2018); *and see*, 5 *Colliers on Bankruptcy,* §1325.06(3)(B).

The question, it seems, is a grammatical one, revolving around the interpretation and import of the clause "as of the effective date of the plan." The Trustee and his supporting caselaw interpret the clause as qualifying both subsection (A) and (B). The Trustee goes on to assert that the clause so defines the word "value" in subsection (A) as to require a present value contribution. The Debtors also interpret the clause as qualifying both subsection (A) and (B) but conclude that the phrase, as applied to both of those subsections, simply identifies the date as of which the court must make a determination of whether the plan provides for payment in full or payment of all of the debtor's projected disposable income.

3

Virtually all of the courts which found the statute to mandate interest were influenced by similar language found elsewhere in the Code. One court explained:

> The same phrase ---"as of the effective date of the plan" --- is found in several places in chapters 11, 12 and 13 of the Bankruptcy Code. There, however, rather than appearing before the words "the value" the phrase comes after them, so that the complete text usually reads: "the value, as of the effective date of the plan, of the property to be distributed … is not less than …" *See e.g.*, 11 U.S.C. §§ 1129(a)(7), 1225(a)(4), 1325(a)(4) (best interest of creditors test); §§ 1129(b)(2)(A)(i)(I,II), (B)(i), (C)(i), 1225(a)(5)(B)(ii), 1325(a)(5)(B)(ii) (cram down); § 1129(a)(9)(C)(i) (payment of priority claims). These provisions are uniformly interpreted to require a present value analysis of the proposed payments.

*In re Hight-Goodspeed*, 486 B.R. at 464. In that case, Judge Grant found that the meaning of the words is not changed by relocating the phrase "as of the effective date of the plan." He concluded that "§1325(a)(b)(1)(A) is phrased somewhat differently because Congress apparently wanted the concept of the effective date of the plan to apply to both the valuation of the distribution under (A) and to the disposable income alternative of (B) and by putting the phrase into (b)(1) it was able to say that once rather than twice." *Id.* at 465. He went on to note that "when Congress wanted payment in full without requiring the payment of interest needed to yield a present value it said so." *Id.*

Another court took a different view. Judge Perkins, in *In re Gillen, supra*, concluded that the difference in phraseology reflects an intentional legislative distinction "best understood by considering the justification for paying interest to certain classes of creditors and not others." 568 B.R. at 78. Unlike secured creditors, or even unsecured creditors in a solvent Chapter 7 estate, unsecured creditors in a Chapter 13 have no right to immediate payment in full at the front end of the case. Because there is "no forced deferral of a pre-existing payment right," there is no entitlement to interest. *Id.* at 79. He further observed:

> In this Court's view, if Congress had intended to require a debtor to pay interest on

4

>allowed unsecured claims under section 1325(b)(1)(A), Congress would have maintained statutory consistency by placing the phrase "as of the effective date of the plan" immediately after the word "value." The different placement is best construed as conveying a different meaning. Additionally, it is not at all apparent what additional meaning the phrase "as of the effective date of the plan" provides to section 1325(b)(1)(B), which makes perfect sense without that phrase and becomes confusing only when the phrase in included. So the placement of the phrase "as of the effective date of the plan" in the prefatory portion of section 1325(b)(1) is unlikely to have been because Congress intended it to modify subparagraph (B) in addition to subparagraph (A). A reasonable explanation for its placement is that Congress moved it outside of subparagraph (A) so that subparagraph (A) would not be misconstrued as containing a present value requirement."

*Id.* at 79.

This Court agrees that the placement of the phrase "as of the effective date of the plan" is the key to interpreting this statute. And like Judge Grant, this Court agrees that by placing that phrase at the end of 1325(b)(1), Congress intended that it apply to both subsection (A) and (B). But this Court concurs with the final analysis set forth in *In re Stewart-Harrel*, wherein that court found that "[t]he only interpretation of 'as of the effective date of the plan' which makes sense to this Court, as applied to both subsections (A) and (B), is the date as of which the court is to determine whether either (A) or (B) is applicable and satisfies a trustee's objection." 443 B.R. at 223. It seems clear that, as to subsection (B), the lead-in phrase "as of the effective date of the plan" indicates the date on which the Court measures projected disposable income. It simply makes no sense to suggest that Congress intended that phrase to mean something altogether different as it relates to subsection (A).

The *Stewart-Harrel* court also noted that the Trustee's interpretation would bear the anomalous result of paying interest on general unsecured claims although section 1322(a)(2) allows for deferred payment of priority claims without interest. *Id.* at 224. Judge Grant easily dismissed that argument as a "distortion" like "barnacles on the bottom of a boat" that Congress

5

simply overlooked. *In re Hight-Goodspeed*, 486 B.R. at 465. This Court, however, finds that the better interpretation of the statute, and the one that does not "render[] superfluous another portion of that same law,"[1] is the one promoted by the Debtors.

For all of the foregoing reasons, the Court finds that the Debtors' Plan satisfies section 1325(b)(1)(A) inasmuch as it proposes to pay 100% of the allowed unsecured claims. The Court accordingly overrules the Trustee's Objection to Confirmation.

**IT IS SO ORDERED.**

###

---

1  *Hamilton v. Lanning*, 560 U.S. 505 (2010).